1  Michael Kind, Esq.
   Nevada Bar No.: 13903
2  **KIND LAW**
3  8860 South Maryland Parkway, Suite 106
   Las Vegas, Nevada 89123
4  (702) 337-2322
   (702) 329-5881 (fax)
5  mk@kindlaw.com

6
   George Haines Esq.
7  Nevada Bar No. 9411
   Gerardo Avalos Esq.
8  Nevada Bar No. 15171
9  **FREEDOM LAW FIRM**
   8985 S. Eastern Ave., Suite 350
10 Las Vegas, Nevada 89123
   (702) 880-5554
11 (702) 385-5518 (fax)
   Ghaines@freedomlegalteam.com
12 *Counsel for Plaintiff Donna Tsang*

13             **UNITED STATES DISTRICT COURT**
14                    **DISTRICT OF NEVADA**

15 Donna Tsang                        | Case No.:
                  Plaintiff,
16    v.                              | **Complaint for damages under
                                      | the FCRA, 15 U.S.C. § 1681**
17
   Experian Information Solutions, Inc.;
18 JPMorgan Chase Bank, N.A.; Merrick Bank
   Corporation; MRS BPO, L.L.C. dba MRS
19 Associates; Fair Square Financial Group,
   LLC dba Ollo Card Services; Premier
20 Bankcard, LLC; Colorado Department of
   Labor and Employment; The Ohio
21 Department of Job and Family Services;
   Center for Employment Security Education
22 and Research; Credit One Bank, N.A.; U.S.
   Small Business Administration Office of
23 Disaster Assistance; and Equifax
   Information Services LLC,
24
25
                  Defendants.
26
27

**Introduction**

1. The United States Congress has found the banking system is dependent up-on fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), to ensure fair and accurate re-porting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The FCRA protects consumers through a tightly wound set of procedural protections from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. Donna Tsang ("Plaintiff"), by counsel, brings this action to challenge the actions of Experian Information Solutions, Inc. ("Experian"); JPMorgan Chase Bank, N.A.; Merrick Bank Corporation; MRS BPO, L.L.C. dba MRS Associates; Fair Square Financial Group, LLC dba Ollo Card Services; Premier Bankcard, LLC; Colorado Department of Labor and Employment; The Ohio Department of Job and Family Services; Center for Employment Security Education and Research;

Credit One Bank, N.A.; U.S. Small Business Administration Office of Disaster Assistance; and Equifax Information Services LLC ("Equifax") (jointly as "Defendants"), with regard to Defendants' failure to reasonably investigate and correct inaccuracies and inquiries on Plaintiff's credit report without a permissible purpose.

**4.** Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

**5.** While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

**6.** Unless otherwise stated, all the conduct engaged in by Defendants took place in Nevada.

**7.** Any violations by  was knowing, willful, and intentional, and  did not maintain procedures reasonably adapted to avoid any such violations.

**8.**  failed to comply with the FCRA, damaging Plaintiff's creditworthiness.

**Jurisdiction and Venue**

**9.** Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 15 U.S.C. § 1681.

**10.** This action arises out of Defendants violations of the FCRA.

**11.** Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, Nevada and the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2).

**Parties**

**12.** Plaintiff is a natural person living in Clark County, Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

COMPLAINT

- 3 -

13. JPMorgan Chase Bank, N.A.; Merrick Bank Corporation; MRS BPO, L.L.C. dba MRS Associates; Fair Square Financial Group, LLC; Premier Bankcard, LLC; Colorado Department of Labor and Employment; The Ohio Department of Job and Family Services; Center for Employment Security Education and Research; Credit One Bank, N.A.; and U.S. Small Business Administration Office of Disaster Assistance are furnishers of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

14. Experian and Equifax regularly assemble and/or evaluate consumer credit information for the purpose of furnishing consumer reports to third parties and uses interestate commerce to prepare and/or furnish the reports. These entities are "consumer reporting agencies" as that term is defined by 15 U.S.C. §1681a(f).

15. Unless otherwise indicated, the use of Defendants name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendants.

## GENERAL ALLEGATIONS
### Re: Bankruptcy Case No. 20-10525

16. On or about Jan 30, 2020, Plaintiff filed for bankruptcy in the United States bankruptcy Court for the District of Nevada pursuant to 11 U.S.C. §1301 et seq. (the "bankruptcy").

17. The obligations to each creditor-furnisher herein (as applicable) were scheduled in the bankruptcy and each respective creditor, or its predecessor in interest, received notice of the bankruptcy.

18. None of the creditor-furnishers named herein filed any proceedings to declare their alleged debts "non-dischargeable" pursuant to 11 U.S.C. § 523 et seq.

COMPLAINT

19. No creditor-furnisher named herein obtained relief from the "automatic stay" codified at 11 U.S.C. §362 et seq. while Plaintiff's bankruptcy was pending to pursue Plaintiff for any personal liability.

20. Further, while the automatic stay was in effect during the bankruptcy, it was illegal and inaccurate for any creditor-furnisher named herein to report any post-bankruptcy derogatory collection information, pursuant to the Orders entered by the bankruptcy Court.

21. The accounts named herein (as applicable) were discharged through the bankruptcy on May 5, 2020.

— THE EXPERIAN VIOLATIONS —

**Experian and all furnisher-Defendants accessed or provided Plaintiff's consumer report without a permissible purpose**

22. The following are allegations that Plaintiff is currently aware of. It is expected that Plaintiff's allegations will be bolstered and enhanced after discovery.

23. JPMorgan Chase Bank N.A. made soft inquires regarding Plaintiff's consumer information on or around the following dates: Jun 7, 2020; Jul 6, 2020; Aug 3, 2020; Aug 31, 2020; Sep 29, 2020; Oct 26, 2020; Nov 24, 2020; Dec 21, 2020; Jan 13, 2021; Jan 19, 2021; Feb 15, 2021; Mar 16, 2021; Apr 12, 2021; and May 11, 2021.

24. Merrick Bank Corporation made soft inquires regarding Plaintiff's consumer information on or around the following dates: Jul 5, 2019.

25. MRS BPO, L.L.C. dba MRS Associates made soft inquires regarding Plaintiff's consumer information on or around the following dates: Aug 20, 2019.

26. Fair Square Financial Holdings dba Ollo Card Services made soft inquires regarding Plaintiff's consumer information on or around the following dates: Dec 23, 2019.

27. OneMain Financial Group, LLC made soft inquires regarding Plaintiff's consumer information on or around the following dates: Jan 2, 2020; and Feb 7, 2020.

28. Premier Bankcard, LLC made soft inquires regarding Plaintiff's consumer information on or around the following dates: Apr 12, 2019; and Mar 18, 2020.

29. The Colorado Department of Labor and Employment made soft inquires regarding Plaintiff's consumer information on or around the following dates: Aug 19, 2019.

30. The Ohio Department of Job and Family Services made soft inquires regarding Plaintiff's consumer information on or around the following dates: Feb 13, 2021.

31. The Center for Employment Security Education and Research made soft inquires regarding Plaintiff's consumer information on or around the following dates: Feb 18, 2021.

32. Credit One Bank, N.A. made soft inquires regarding Plaintiff's consumer information on or around the following dates: Jun 25, 2019; Jul 22, 2019; Aug 20, 2019; Oct 16, 2019; Nov 11, 2019; Dec 10, 2019; Jan 6, 2020; Feb 19, 2020; Feb 11, 2021; Mar 17, 2021; and Apr 15, 2021.

33. The U.S. Small Business Administration Office of Disaster Assistance made hard inquires regarding Plaintiff's consumer information on or around the following dates: Jan 13, 2021.

34. Plaintiff never gave any Defendants approval to pull Plaintiff's credit report from Experian.

35. All of Plaintiff's accounts with Defendants' companies were either discharged on May 5, 2020 through Plaintiff's bankruptcy, or Plaintiff never applied for credit with Defendants' companies and thus had no account.

**36.** At all times when Defendants pulled Plaintiff's credit report, Plaintiff did not have an open account with any Defendants.

**37.** Upon information and belief, Defendants actions mentioned herein were willful.

**38.** According to § 1681b(f)(1), a person is prohibited from accessing a consumer report unless "the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section."

**39.** Upon information and belief, Defendants did not obtain Plaintiff's consumer report for any of the permissible purposes described in § 1681b(a).

**40.** Accordingly, Defendants violated § 1681b(f)(1).

— THE EQUIFAX VIOLATIONS —

**Equifax Misreported Consumer Information**

**41.** In Plaintiff's consumer report from Equifax dated Feb 24, 2021, Equifax inaccurately reported the following address: 1217 S. Flagler Dr. FL 3rd, West Palm Beach, FL 33404. Additionally, Equifax inaccurately reported the following social security number: XXX-XX-4436. This information is inaccurate, misleading, and derogatory because Plaintiff has never lived at that address and Plaintiff's social security number does not end in 4436.

**42.** On or about Apr 15, 2021, Plaintiff disputed the inaccurate reporting pursuant to 15 U.S.C. § 1681i(a)(2), by notifying Equifax, in writing, of the inaccurate, misleading, and derogatory information.

**43.** Specifically, Plaintiff sent a letter on Apr 15, 2021, certified, return receipt, to Equifax, requesting the above inaccurate information be corrected or removed.

**44.** Equifax was required to conduct an investigation into the disputed information on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

**45.** On or about May 12, 2021, Plaintiff received notification from Equifax that Equifax received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6).

**46.** Equifax failed to review all relevant information provided by Plaintiff in Plaintiff's dispute, as required by and in violation of 15 U.S.C. § 1681i.

**47.** Equifax continued to report and re-report the inaccurate information, thus violating its duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

**48.** Equifax, upon receipt of Plaintiff's dispute, failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i.

**49.** A reasonable investigation by Equifax would have discovered that the information it was reporting was reporting was inaccurate, misleading, and derogatory.

**50.** Due to the failure by Equifax to reasonably investigate, it further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i, thereby causing continued reporting of inaccurate information in violation of the FCRA.

**51.** Plaintiff's continued efforts to correct the inaccurate, misleading, and derogatory reporting by communicating Plaintiff's dispute with Equifax was fruitless.

**52.** Equifax's continued inaccurate and negative reporting was knowing and willful because it had knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

**53.** Also as a result of the continued inaccurate, misleading, and derogatory reporting by Equifax, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging the inaccurate reporting, damage to Plaintiff's creditworthiness and emotional distress. By reporting inaccurate consumer information after notice and confirmation of its errors, Equifax failed to take the appropriate measures as required under 15 U.S.C. §§ 1681i.

**Plaintiff's damages**

**54.** In addition to Plaintiff's creditworthiness being negatively impacted, Plaintiff suffered emotional distress and mental anguish as a result of Defendants' actions described herein. In addition, Plaintiff incurred out-of-pocket costs and time in attempts to dispute 's actions. Plaintiff further suffered humiliation and embarrassment.

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681**

**55.** Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**56.** The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681, et seq.

**57.** As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

**58.** As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

**Prayer for relief**

**59.** Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1); and
- Any other relief that this Court deems just and proper.

1

## Jury Demand

2   **60.** Pursuant to the Seventh Amendment to the Constitution of the United States of

3       America, Plaintiff is entitled to, and demands, a trial by jury.

4       Dated: April 5, 2022.

5                                   Respectfully submitted,

6

7                                   KIND LAW

8                                    /s/ Michael Kind_____

9                                   Michael Kind, Esq.

10                                  8860 South Maryland Parkway, Suite 106
                                    Las Vegas, Nevada 89123

11

12                                  FREEDOM LAW FIRM

13                                   /s/ George Haines_____.

14                                  George Haines, Esq.

15                                  8985 S. Eastern Ave., Suite 350
                                    Las Vegas, Nevada 89123

16                                  *Counsel for Plaintiff Donna Tsang*

17

18

19

20

21

22

23

24

25

26

27

COMPLAINT                          - 11 -